IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS VALLEY,

                              OPINION AND ORDER

            Petitioner,

                                15-cv-704-bbc
                                11-cr-133-bbc

      v.

UNITED STATES OF AMERICA,

           Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Thomas Valley was convicted in 2011 of two counts of receipt of child pornography under 18 U.S.C. § 2252(a)(2). His conviction and sentence were affirmed on appeal. Now he has moved for post conviction relief under 28 U.S.C. § 2255, contending that his conviction is invalid in a number of respects. After reviewing his motion, the parties' briefs and the record, I am denying all of his claims.

RECORD FACTS

      In 2010, a Wisconsin law enforcement officer discovered images of child pornography available from a particular ISP address later traced to a residence in Madison, Wisconsin, where Kay Jensen lived. In May 2011, agents obtained a search warrant from a Dane County, Wisconsin judge, for a search of the residence. When they executed the warrant on June 1, 2011, they discovered that Jensen shared her residence with her 26-year-old son, the petitioner in this motion, and his girl friend.

      The officers searched Jensen's residence for more than five hours, finding many different computers and storage devices. Petitioner remained in the residence the entire time, although the agents told him he was free to leave and never took any step to keep him from doing so. While they were there, they

1

questioned petitioner without advising him of his Miranda rights and left him a copy of the search warrant.

In December 2011, a grand jury charged petitioner with six counts of persuading six different teenage girls to send him sexually explicit cell phone photographs of themselves, in violation of 18 U.S.C. § 2251(a). Each count carried a potential penalty of 15 to 30 years in prison. In 2012, petitioner underwent a court-ordered competency examination at his own request. Before the hearing on competency could be held, the federal defender representing petitioner was granted leave to withdraw from further representation and was replaced by new counsel, Gregory Dutch. Petitioner was found to be competent and proceedings continued.

Petitioner's new counsel moved to quash the state court-issued search warrant and to suppress incriminating statements petitioner had made to agents during the search. Before these motions were ruled upon, petitioner entered a conditional plea of guilty on April 23, 2013, to a two-count information charging him with receiving visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2). Each of the two counts carried a potential penalty of five to 20 years. As part of his plea, petitioner agreed that the conduct described in the six counts of the indictment could be considered against him in determining his sentence as if he had been convicted of the additional charges. Dkt. #72 (11-cr-133). Petitioner reserved the right to obtain rulings on his suppression motions and to appeal any that were adverse to him, id., but in the end never filed any objections to the magistrate judge's report and recommendation. He was sentenced on August 14, 2013 to a term of 40 years (20 years on each count.)

OPINION

A. Claims Raised in Motion

In his § 2255 motion, petitioner raises a host of reasons why he believes he should not have been

2

found guilty and why he should not have received the sentence he did. In Ground One (a) and (b) of his motion, dkt. #111 (11-cr-133-bbc), petitioner alleges that his counsel misrepresented the evidence against him and induced him to plead guilty to the crime of receiving child pornography when in fact he was innocent of "knowingly" receiving child pornography. In his reply brief, dkt. #7 (15-cv-704), petitioner alleges that his counsel "suborned perjury" by advising him to state untruthfully that he knew he was going to receive child pornography and telling him that if he made such an admission he would receive a sentence of between five to 20 years. Id. at 5. In other words, petitioner has two contentions: (1) he was never provided copies of the photographs that supported the charges or even allowed to view them and his counsel misrepresented the nature of the evidence against him, telling him that the images on which the government was basing its case were depictions of minors engaging in sexually explicit conduct, when in reality they were nothing more than depictions of minors wearing sexy dresses or engaging in exotic dancing; (2) both counsel and petitioner knew that the government had not discovered sexually explicit images in their search and had none in its possession but counsel persuaded petitioner to lie about the nature of the images in order to receive a lower sentence.

Neither of these contentions stands up to examination. To believe the first one, that counsel saw the images and knew that they were not sexually explicit but told petitioner they were, requires accepting three unlikely propositions:

> 1. The government did not have any images recovered from petitioner's computers on which to base the indictment and subsequent information against petitioner;
>
> 2. Defense counsel knew that the government lacked the images it said it had but lied to his client, telling him the government had these images in its possession and convincing him that pleading guilty to possession of sexually explicit images of minor girls would lead to a lower sentence; and
>
> 3. The probation office, an arm of the court, misrepresented the nature of the images when preparing the presentence report, leading the court to believe that the images the government had seized were sexually explicit images of minor girls when in fact the images were of minors wearing sexy dresses or engaging in exotic dancing.

It is not impossible that all of these things might have happened, but it is improbable, particularly when

3

petitioner does not back it up with any factual allegations. Moreover, he has not explained what incentive defense counsel would have had to misrepresent facts to his client or why the probation office would abandon its obligation to the court.

It is equally difficult to believe the second proposition, that petitioner was prepared to lie about the nature of the images in the belief that he would receive a lower sentence. At no time during the extended proceedings did petitioner give any indication of being a person who could easily be persuaded to plead guilty to charges of acts he had not committed. More to the point, he stated under oath at the plea hearing that the images he *received* were of minors engaging in sexually explicit conduct. Plea hrg. trans., dkt. #104, at 8-9, 18-19. He would have known the nature of the images he had received before he was arrested even if he had not been allowed to view the government's evidence himself and even if counsel had misled him about the nature of the images. It is well established that "litigants cannot create a factual issue requiring trial by contradicting, under oath, a prior sworn statement." United States v. Stewart, 198 F.3d 984, 986 (7th Cir. 1999). See also United States v. Collins, 796 F.3d 829, 835 (7th Cir. 2015) ("The entry of a plea is not a meaningless act. When a defendant makes representations at a plea hearing, those representation are entitled to a presumption of verity.").

In a variation on his first two propositions, petitioner contends that his counsel misled him into pleading guilty to the charge of "knowingly receiving" child pornography when he had requested nothing more than images of young girls in "sexy dresses" or engaging in exotic dancing. He says that he did not view the latter category of images as child pornography and it was not his intention that the young girls receiving the requests would send him sexually explicit images in return. From this, he argues that counsel was constitutionally ineffective because he did not make sure that petitioner pleaded guilty only to "knowing possession" of images of minors engaging in sexually explicit conduct under § 2252(a)(4)(B), which carries a maximum penalty of 10 years, rather than pleading guilty to the crime of "knowing receipt or distribution" of sexually explicit images, 18 U.S.C. § 2252(a)(2), which carries a much higher sentence.

This contention fails on examination. As noted above, petitioner admitted under oath at his plea hearing that he did make requests of minor girls by text for sexually explicit images of minor girls that they would send back to his cell phone. Plea hrg. trans., dkt. #104, at 18-19. He told the court at the same hearing, again under oath, that he understood he was being charged under § 2252(a)(2). He was not told he was being charged under § 2252(a)(4). At his sentencing, he stated that he had read the presentence report, which described the various images. If at that point, he thought he had been misled by counsel, he had an opportunity to speak up, but he did not take advantage of it.

In Ground One (c) of his motion, petitioner calls his counsel ineffective for not challenging the court's jurisdiction when the government failed to show that the images had crossed state lines. It is his position that charges against him cannot be prosecuted if the government cannot show that the pictures entered interstate or foreign commerce, but he is wrong. Section 2252(a)(2) does not require the government to prove that the images crossed state lines. It requires only that a person must knowingly receive or distribute a visual depiction "of a minor engaging in sexually explicit conduct" using any "means or facility of interstate or foreign commerce," including by computer."

At his plea hearing, petitioner admitted that he had received images of minors engaged in sexually explicit conduct by a facility of interstate commerce, that is, by computer or cell phone. Plea hrg. trans., dkt. #104, at 7-8. Petitioner's admission that he received the images on his computer or cell phone established the factual basis for the court's jurisdiction to hear the criminal charges.

In Ground Two (a) and (b), petitioner contends both that his counsel was constitutionally ineffective in allowing him to be sentenced to two consecutive 20-year sentences for criminal conduct he did not commit and that his sentence violated his Eighth Amendment rights. He adds that his "lack of intent, knowledge and propensity to commit the alleged offense," dkt. #111 (11-cr-133-bbc), at 5, show that the sentence was not proportional to the nature of the crime. He adds that the government failed to prove that he was a recidivist, that any "physical infractions were involved, the purported victims were a part of the same scheme . . . and

5

the crimes alleged did not involve the predicate element, i.e., child porn, within any reasonable sense." Id. These contentions depend on the validity of his first and second claims that counsel misrepresented the evidence against him as being visual depictions of minors engaging in sexually explicit conduct when in fact the images were nothing more than pictures of young girls wearing sexy dresses or strip dancing and I have found those claims unsupported. Petitioner was sentenced below the statutory maximum for his crimes and he has not shown any other reason to find that his Eighth Amendment rights were violated.

To the extent that petitioner's claim includes an allegation that his counsel was ineffective in not arguing to this court at sentencing that petitioner lacked intent, knowledge and propensity to commit the crimes charged against him, that claim is foreclosed by the record. Counsel's oral sentencing argument and his written one, dkt. #88, reveal a serious and considered effort on counsel's part to portray his client in as sympathetic a light as possible, emphasizing petitioner's apparent reduction in odd and bizarre behavior while he was in jail awaiting trial. The fact that the arguments did not lead to a lower sentence for petitioner is not attributable to any inadequacy of counsel.

Turning to the fifth claim, Ground Three (a)(i), I note petitioner's contention that trial counsel was ineffective when he represented petitioner on appeal and did not raise the "Ground One issues on himself and the facts relating thereto." I read this as an allegation that counsel did not admit on appeal the errors that petitioner claims he made in his representation of petitioner in this court. Additionally, petitioner says that counsel was ineffective because he did not challenge Miranda violations that were never ruled on with finality in the district court. Insofar as petitioner is basing this claim on his assertion that his counsel misrepresented the images to him, the claim rises or falls on the merits of that claim of misrepresentation, which he raised unsuccessfully at the outset of his motion.

If petitioner is arguing only that this court erred in deciding his motion to suppress, it is too late for him to do that. The issue has been ruled upon by the Court of Appeals for the Seventh Circuit, which found (as this court had), that petitioner was not in custody when the agents searched his mother's residence. This

meant that Miranda protections never attached to petitioner and he is stuck with his admissions to the officers.  United States v. Valley, 755 F.3d 581, 585-86 (7th Cir. 2014).

The record does not support petitioner's sixth claim that he lacked the necessary intent or knowledge to commit the crimes or his seventh claim that the crimes charged against him did not involve child pornography.  He admitted under oath at his plea hearing both that he did intend to commit the crimes and that the images contained visual depictions of minors involved in sexually explicit conduct.

Petitioner's eighth challenge is that state law enforcement violated his Miranda rights when they questioned him during the search of his mother's residence.  As with his claim that the search warrant was invalid, petitioner never exercised his right to object to the magistrate judge's conclusion in his report and recommendation that petitioner was not in custody at any time during the search.  Moreover, petitioner raised the issue on direct appeal and is barred from raising it again in a § 2255 motion.

Finally, petitioner makes the unusual argument that he was denied his Sixth Amendment right to effective assistance of appellant counsel when he had the same counsel on appeal as he had at trial, which is a common phenomenon.  It is the case that in doing so, counsel are unlikely to raise their own ineffectiveness as a reason why the court of appeals should reverse a conviction, but this apparent problem is not a real one. In almost every instance of ineffective assistance of counsel, the claim cannot be evaluated on the trial transcript alone, because the claims of ineffectiveness raise matters that never appear in the transcript, such as whether counsel made sufficient efforts to meet with her client or whether she discussed with him the elements of the crimes charged against him.  In this case, however, petitioner has failed to raise any objections to his counsel's representation of him that require further examination or an evidentiary hearing.

CERTIFICATE OF APPEALABILITY

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of

appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Petitioner has not made a substantial showing of a denial of a constitutional right so no certificate will issue. Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one.

Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider his request unless he first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed in forma pauperis.

ORDER

IT IS ORDERED that petitioner Thomas Valley's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED. Further, IT IS ORDERED that no certificate of appealability shall issue. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 23d day of February, 2016.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge